IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AUGUSTINE J. BOCELLI, JR.              :        CIVIL ACTION

        v.                                :

INDIAN RIDGE PROVISIONS, INC.          :        NO. 07-cv-3707

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS
AND CROSS-MOTIONS FOR SANCTIONS**

**Baylson, J.**                                                **March 26, 2008**

      Presently before this Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, and Cross-Motions for Sanctions. Upon consideration of both parties' briefs and the applicable law, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, is denied, and both parties' Motions for Sanctions are denied.

**I.     Plaintiff's Complaint**

      Augustine Bocelli (hereinafter "Plaintiff," "Mr. Bocelli") filed a Complaint (Doc. No. 1) in this Court for violations of the Family and Medical Leave Act (FMLA) and Pennsylvania Common Law. He alleges that his former employer, Indian Ridge Provisions, Inc. (hereinafter "Defendant," "Indian Ridge"), "exhibited discriminatory and retaliatory animus towards Plaintiff by threatening him concerning his injuries, unilaterally and falsely having his medical records altered, and by terminating him during his medical leave of absence." (Compl. ¶ 28). In Count I, he alleges interference and retaliation under the FMLA, and in Count II, he alleges common-law wrongful termination.

**II.     Present Motions**

<u>A.     Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment</u>

In its Motion to Dismiss, or in the Alternative for Summary Judgment (Doc. No. 4), Indian Ridge contends that it properly terminated Mr. Bocelli because he engaged in harassing and threatening behavior on October 12, 2005 (hereinafter, "the October 12 incident"). Plaintiff was convicted of disorderly conduct and harassment arising from the October 12 incident at a bench trial before the Honorable Theodore Fritsch, Jr. in the Bucks County Court of Common Pleas. Defendant contends that Plaintiff is thus barred by the doctrine of issue preclusion from arguing that the October 12 incident did not occur. Even assuming (without conceding) that Plaintiff could establish a prima facie case of retaliation in violation of the FMLA, Indian Ridge alleges that its proferred nondiscriminatory reason is his conduct on October 12, 2005. Thus, the burden would then shift back to Plaintiff, who would have to prove that this nondiscriminatory reason has no basis in fact, that the reason did not actually motivate Indian Ridge, or that the reason was insufficient to motivate the action. Defendant argues that as a matter of law Plaintiff cannot prove any of these three factors, and thus Plaintiff fails to state a claim for relief and Defendant is entitled to judgment as a matter of law.

In his Response (Doc. No. 7), Plaintiff contends that Defendant's Motion is procedurally improper and premature, and asks the Court to permit him at least 120 days to complete fact discovery. Plaintiff argues that Defendant misunderstands how issue preclusion affects the current lawsuit, as case law does not support the argument that simply because Mr. Bocelli was found to have violated workplace policies and/or the law, he thus cannot litigate his retaliation and discrimination claims. Plaintiff further argues that there is already sufficient factual support

for Plaintiff's claims that would warrant the denial of summary judgment.

      B.      <u>Cross-Motions for Sanctions</u>

            1.      Defendant's Motion for Sanctions

In its Motion for Sanctions (Doc. No. 5), Defendant contends that the instant Complaint has no basis in fact or law, and that Plaintiff's filing of this action is a violation of Federal Rule of Civil Procedure 11. Defendant repeats many of the arguments it makes in its Motion to Dismiss, and concludes that Plaintiff's complaint is frivolous and that Plaintiff should pay Defendant's fees and costs incurred in this matter.

In his Response (Doc. No. 8), Plaintiff responds that Mr. Bocelli has a compelling and merited lawsuit, which was established through Plaintiff's counsel's extensive factual and legal research prior to initiating suit. Plaintiff contends that Mr. Bocelli will establish that Defendant violated provisions of the FMLA and that Defendant's Motion for Sanctions is unwarranted.

            2.      Plaintiff's Motion for Sanctions

In his Motion for Sanctions (Doc. No. 9), Plaintiff argues that Defendant's filing of a premature Motion for Summary Judgment as well as a Rule 11 Motion unnecessarily multiplied litigation and can only be construed as made in bad faith. Plaintiff contends that in filing these motions, Defendant either failed to perform minimal research or simply intended to cause undue delay and burden on Plaintiff and his counsel. Plaintiff asks that Defendant pay the fees and costs incurred in answering these Motions.

In its Response (Doc. No. 11), Defendant responds that Plaintiff failed to serve his Motion for Sanctions upon defense counsel twenty-one (21) days prior to filing, in violation of Rule 11(c)(1)A), and thus the motion must be denied to the extent it relies upon Rule 11.

**III.     Standard of Review**

    A.     <u>Motion to Dismiss</u>

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988).

    B.     <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. <u>Id.</u>

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Where the non-moving party bears

the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

    C.    Motion for Sanctions

Rule 11 of the Federal Rules of Civil Procedure requires that a court impose sanctions when a litigant or attorney makes submissions to the court which are frivolous and intended for improper purposes.  "Rule 11 is intended for only exceptional circumstances." Morristown Daily Record, Inc. v. Graphic Communications Union, Local 8N, 832 F.2d 31, 32 n.1 (3d Cir. 1987).  The court is "expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted." Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3d Cir. 1985).  The appropriate standard for review is whether the litigant or attorney acted reasonably under the circumstances. Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987).

**IV.     Discussion**

    A.     Defendant's Motion to Dismiss

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Erikson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

Plaintiff has met his burden under this notice pleading standard. In the complaint, Mr. Bocelli clearly notifies Defendant of his claims of interference and retaliation under the FMLA, as well as common-law wrongful termination. Plaintiff need do no more than put Defendant on notice of the grounds upon which his claims rest. While Defendant's arguments as to the deficiencies of Plaintiffs' claims may be successful in a summary judgment argument, they are premature at this juncture. As such, the Motion to Dismiss will be denied.

    B.     Defendant's Motion for Summary Judgment

Defendant's Motion in the Alternative for Summary Judgment will likewise be denied. First, "the court must give a party opposing summary judgment an adequate opportunity to obtain discovery." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989) (internal citation omitted). Under Rule 56(f) of the Federal Rules of Civil Procedure, when the opposing party to a summary judgment motion cannot present facts essential to justify the party's opposition, the Court should deny the motion for summary judgment and allow time for discovery. In the present case, Plaintiff has had no opportunity to engage in any discovery and will be given the opportunity to do so.

Furthermore, Defendant mistakenly relies on the theory of issue preclusion in its motion.

Defendant contends that Plaintiff is barred by the doctrine of issue preclusion due to the fact that Plaintiff was convicted of disorderly conduct and harassment arising from his actions on October 12, 2005, and thus Plaintiff is precluded from arguing that the underlying incident on October 12, 2005 did not occur.  Defendant then argues that if Plaintiff cannot deny the incident, then Plaintiff cannot contend that the incident was not the cause of his termination.  This argument is misguided.  While Plaintiff's acts did result in his conviction of disorderly conduct and harassment, this conviction does not as a matter of law, at this stage of the case, preclude Plaintiff's claims concerning violations of the FMLA and wrongful termination.  See Waters v. Churchill, 511 U.S. 661, 681 (1994) (reversing and remanding a district court's grant of summary judgment, noting that while defendants may have been justified in terminating plaintiff, "there remain[ed] the question whether [the plaintiff] was actually fired because of those statements, or because of something else.")  Judge Fritsch only ruled on Plaintiff's conduct concerning the October 12 incident under state criminal law; Plaintiff never had an opportunity to litigate whether he experienced retaliation or discrimination by his employer.  It is currently unknown whether Defendant fired Mr. Bocelli due to his conviction or for some other reason.  The Court should not and does not evaluate the likelihood of success of Plaintiff's arguments at this time; the Court only ensures that Plaintiff gets the opportunity to explore the evidence through discovery.  As such, Defendant's Motion in the Alternative for Summary Judgment will be denied.

    C.    Parties' Motions for Sanctions

While neither party made entirely accurate arguments regarding relevant case law, this Court does not find that any attorneys involved made frivolous or improper filings.  As such,

Plaintiff's Motion for Sanctions and Defendant's Motions for Sanctions are denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTINE J. BOCELLI, JR. | : | CIVIL ACTION |
| v. | : | |
| INDIAN RIDGE PROVISIONS, INC. | : | NO. 07-cv-3707 |

## **ORDER**

AND NOW, this 26th day of March, 2008, upon consideration of Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, and Cross-Motions for Sanctions, as well as all responsive briefings and the relevant case law, it is hereby ORDERED:

1) Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, (Doc. No. 4) is DENIED;

2) Defendant's Motion for Sanctions (Doc. No. 5) is DENIED;

3) Plaintiff's Motion for Sanctions (Doc. No. 9) is DENIED.

BY THE COURT:

/s/ Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-3707 Bocelli v. Indian Ridge\3.26.08 Bocelli v. Indian Ridge Mot. to Dismiss.wpd